# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHAWNA M. GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 15-09778 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

## I.
## BACKGROUND

Plaintiff Tashawna M. Green filed her application for supplemental security income pursuant to Title XVI of the Social Security Act on August 15, 2012 alleging disability beginning July 27, 2002. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on November 5, 2013 and March 24, 2014, at which Plaintiff testified on her own behalf. In a decision dated May 1, 2014, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act since August 15, 2012, the date the application was filed. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated October 28, 2015. Plaintiff filed a Complaint

herein on December 21, 2015, seeking review of the Commissioner's denial of her application for benefits.

In accordance with the Court's Order Regarding Further Proceedings, Plaintiff filed a memorandum in support of the complaint on December 16, 2016 ("Pl. Mem."); the Commissioner filed a memorandum in support of her answer on January 13, 2017 ("Def. Mem."); Plaintiff not file a reply. This matter now is ready for decision.[1]

## II.
## DISPUTED ISSUE

As reflected in the parties' memoranda, the sole disputed issue in this case is whether the ALJ articulated specific and legitimate reasons in rejecting plaintiff's credible testimony.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), and the parties' memoranda in support of their pleadings.

than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV.

## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final

step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 15, 2012, her application date. (AR 11.) At step two, the ALJ found that Plaintiff had the severe impairment of diabetes mellitus. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 12.) At step four, the ALJ found that Plaintiff has had the following residual functional capacity (RFC): able to lift 25 pounds frequently and 50 pounds occasionally; able to stand and/or walk six hours in an eight-hour workday; able to sit six hours in an eight-hour workday; and precluded from walking on uneven terrain and/or working at unprotected heights. (AR 13.) The ALJ determined that Plaintiff has been capable of performing her past relevant work as a certified nurse's assistant. (AR 14.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act since August 15, 2012. (AR 15.)

## VI.

## DISCUSSION

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). Where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986);

*see also Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Here, since the Commissioner has not argued that there was evidence of malingering and that a lesser standard consequently should apply, the Court will apply the "clear and convincing" standard to the ALJ's adverse credibility determination.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (applying "clear and convincing" standard where the government did not argue that a lesser standard should apply based on evidence of malingering).

Plaintiff contends that the ALJ based his adverse credibility finding simply on the ground that plaintiff's testimony lacked support in the objective medical evidence.  (*See* Pl. Mem. at 7.)  Plaintiff is correct that the ALJ stated that "the record does not document clinical signs and findings consistent with the degree of limitation the claimant and her friend allege."  (AR 13.)  If this were the *only* ground provided by the ALJ, it would be an inadequate support for finding plaintiff not credible because inconsistency with the objective evidence is not a legally sufficient basis by itself.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ, however, provided an additional ground for his credibility finding when he addressed Plaintiff's non-compliance and poor performance with her prescribed treatment for diabetes.  Directly after summarizing Plaintiff's testimony regarding her symptoms and limitations and after noting the lack of clinical support for these claimed limitations, the ALJ then referred to Plaintiff's failure to comply with her prescribed insulin injections:  "At the March 2014 hearing, Lynne Jahnke, M.D., a medical expert in internal medicine observed that the record refers to non-compliance by the claimant with her prescribed treatment for diabetes.  As noted by Dr. Jahnke, in July 2012 treatment records a clinician comments, '[Patient] is nonadherent and forgets to inject insulin.' [AR 1066]  Moreover, November 2013 treatment records indicate that claimant's doctors considered giving her an insulin pump [AR 1079], and per Dr. Jahnke, such circumstances would likely be related to

poor compliance." (AR 13-14.) The ALJ further referred to Dr. Jahnke's opinion that Plaintiff "would also not have significant attendance issues with work if she remains compliant with her treatment." (AR14; *see also* AR 29.)

Although Plaintiff testified in November 2013 that she was compliant with her required insulin injections (AR 50), the ALJ's finding regarding non-compliance or poor compliance is supported by substantial evidence from the medical reports cited above and by the testimony of the medical expert. (*See* AR 25-26, 31.) "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679. Moreover, under Ninth Circuit law, the unexplained failure of a claimant to follow a prescribed course of treatment is a valid basis for an adverse credibility finding. *See Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989); *Burch*, 400 F.3d at 681. "If [claimant's] pain is not severe enough to motivate him to seek treatment or follow his doctor's advice . . . then he has not carried his burden of proving that his pain prevents him from returning to his former job." *Fair*, 885 F.2d at 604. Plaintiff has offered no explanation or justification for her poor compliance, and the Court has seen none in the record. Accordingly, Plaintiff's poor compliance with her prescribed insulin injections constitutes clear and convincing evidence and is a valid ground on which ALJ based his adverse credibility finding.

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security Administration.

DATED: March 20, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE